IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JEROBA K. WRIGHT, | ) |
| Movant, | ) |
| | ) No. 4:13-CV-00224-NKL |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER**

Before the Court is Jeroba Wright's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [Doc. # 1]. For the reasons set forth below, Wright's motion is DENIED.

**I.  Background**

In 2009, a grand jury returned a one-count indictment charging Wright with being a felon in possession of a firearm. At trial, two Kansas City, Missouri Police Department Officers testified regarding the events that led to Wright's arrest. Following a one-day trial, a jury convicted Wright. At sentencing, the Court varied downward from the Sentencing Guidelines and imposed the mandatory minimum sentence of 180 months. Wright's conviction and sentence were affirmed on direct appeal.

**II.  Discussion**

    **A.  Interstate Agreement on Detainers**

Wright argues that the indictment against him must be dismissed due to alleged noncompliance with the Interstate Agreement on Detainers ("IAD"), 18 U.S.C.App. § 2

1

(1976). This claim could have been raised on direct appeal but was not, meaning Wright has procedurally defaulted this claim. "Section 2255 is not the equivalent of a direct appeal," and it may not be used to raise simple trial errors. *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) ("A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."). "There are many claims of error sufficiently grave and prejudicial to cause a reversal of a conviction on direct appeal, but yet not fundamental enough to support a collateral attack." *Poor Thunder*, 810 F.2d at 821. Consequently, for the Court to consider this issue, Wright must show both "cause" and "actual prejudice." *Bousley*, 523 U.S. at 622.

Wright's motion fails on both counts. First, Wright has not shown cause, because he claims that he asked his attorney to raise this issue on appeal and his attorney refused on the ground that the claim was frivolous. Wright has provided no reason to doubt his attorney's conclusion on this point and accordingly has failed to show cause for not raising the matter on direct appeal. Second, Wright has failed to show actual prejudice because he has not indicated how the alleged noncompliance implicated the trial court's jurisdiction or any other issue that might be effective in challenging his conviction. "[T]he mere failure to comply with the IAD, without more, does not justify relief under section 2255. . . . To prevail on his claim, [the movant] must prove that the statutory violation prejudiced him in some aspect of his state imprisonment or in defending against

2

a federal charge" *Shigemura v. United States*, 726 F.2d 380, 381 (8th Cir. 1984). Wright has not shown any prejudice resulting from the purported violation of the IDA, and so has failed to show that he is entitled to relief. *See id.*

B. **Sufficiency of the Evidence**

Wright next challenges his conviction on the ground that he was convicted based solely on a false police report. Once again, this claim could have been raised on direct appeal and is not a proper basis for seeking relief under section 2255. *See, e.g.*, *Anderson*, 25 F.3d at 706. Furthermore, Wright's claim is clearly contradicted by the record, which shows that he was not convicted solely on the basis of the challenged police report. Rather, two officers testified at Wright's trial and were subject to cross examination. Accordingly, there is no merit to this claim.

C. **Ineffective Assistance of Counsel**

Wright also claims that he received ineffective assistance of counsel. To prevail on this claim, Wright must show both: 1) that defense counsel's representation was deficient; and 2) that the deficient performance prejudiced Wright's case. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Failure to prove "either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v. Washington*, 466 U.S. 668, 700 (1984). To establish deficient performance, the movant must show that "the lawyer's performance was outside the range of professionally competent assistance." *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997). To establish prejudice, the movant "must show that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *Id.*

3

Wright's two claims for ineffective assistance of counsel fail under both components of this test. Wright first argues that his attorney improperly advised him not to testify. Advising a criminal defendant not to testify reflects a legitimate trial strategy and Wright has provided no basis for concluding that his counsel's advice on this point was so deficient as to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010) (quotation omitted). Nor has Wright provided any basis for concluding that there is a reasonable probability that, had he testified, the result of the trial would have been different. Accordingly, Wright's first claim for ineffective assistance must be denied.

Wright next claims that his attorney failed to put on a defense and did not hold the Government to its burden of proof. This claim is clearly contradicted by the record, which shows that Wright's attorney put on a strong defense considering the circumstances and did not simply concede guilt as Wright claims. Wright has not identified any failings on the part of his attorney that suggests his representation fell beyond "the wide range of professionally competent assistance," *Rodela-Aguilar v. United States*, 596 F.3d 457, 460 (8th Cir. 2010) (quotation omitted). Furthermore, in light of the oerwhelming evidence against Wright at trial, Wright has failed to show that he was prejudiced by any alleged deficiency in his counsel's performance.

### D. Denial of Continuance

Wright's final claim, that the trial court erred by not granting him a continuance on the day of trial, was raised and rejected on direct appeal. "It is well settled that claims

which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to [section] 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)). The law of the case doctrine precludes disturbing the Eighth Circuit's decisions on direct appeal "absent an intervening change in controlling authority." *Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008). Because Wright has not identified any change in the controlling authority, this claim must fail. *See id.*

### E. Certificate of Appealability

The Court will issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, Wright has not made a substantial showing of the denial of a constitutional right. Consequently, the Court does not issue a certificate of appealability in this case.

## III. Conclusion

For the foregoing reasons, Jeroba Wright's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, [Doc. # 1], is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 21, 2013
Jefferson City, Missouri